UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD JANISSE,

           Plaintiff,         Case No. 12-cv-13755
                                    Honorable Sean F. Cox
                                    Magistrate Judge David R. Grand

   v.

WELLS FARGO BANK, N.A.,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION as Trustee for Fannie Mae
REMIC TRUST 2003-75.

           Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS [3]

### I. RECOMMENDATION

Before the court is defendants Wells Fargo Bank, N.A. and Federal National Mortgage Association's ("defendants") Motion to Dismiss plaintiff Gerald Janisse's complaint [3], which has been referred to this court for a Report and Recommendation pursuant to 28 U.S.C. § 626 (b)(1)(B). [4]. A hearing was held on October 22, 2012, and both parties presented arguments. For the following reasons, the court RECOMMENDS GRANTING the defendants' motion [3].

### II. REPORT

This case involves real property located at 48440 Fuller Drive, Chesterfield, MI 48051 (the "Property"). (Cmplt., ¶1). On April 23, 2003, plaintiff Gerald Janisse received a loan from Washington Mutual Bank, FA ("WAMU") in the amount of $140,000 (the "Loan"). He executed a note (the "Note") and, to secure repayment of the Loan, granted a mortgage (the

"Mortgage") in the Property to WAMU. (Cmplt., Ex. 1).[1] Almost four years later, on April 14, 2007, WAMU assigned the Mortgage to Wells Fargo Bank, NA ("Wells Fargo") by an Assignment of Mortgage, which was duly recorded. (Cmplt., ¶8; Ex. 2). It is undisputed that Janisse is not a party to the Assignment. (*Id.*). However, Janisse alleges that WAMU's purported signer of the Assignment, Brian Bly, is an "infamous 'robo-signer'" which Janisse asserts renders the Assignment "of questionable legitimacy." (*Id.*, ¶¶13-14; *see also* Cmplt., p. 5) (alleging that Bly's signature "is of questionable validity and indeed *may* be a fabrication…") (emphasis added).

At the hearing, Janisse admitted that after the Assignment's execution, Wells Fargo acted as the servicer of Janisse's Loan, and that he thereafter sent all of his payments to Wells Fargo. At some point, Janisse failed to make the required Loan payments and defaulted. The Mortgage provided that in such circumstances, the property could be sold. (*See* Cmplt., Ex. 1, Mortgage at ¶22). It is undisputed that Wells Fargo initiated foreclosure proceedings by publishing and subsequently posting the notices required under Michigan law. (Cmplt., ¶22). As of this date, the foreclosure proceeding has not concluded as no Sheriff's sale has taken place.

In order to stop and/or delay those foreclosure proceedings, Janisse filed a complaint in Macomb County Circuit Court in Macomb County, Michigan, seeking to convert the foreclosure proceeding to a judicial foreclosure under a Michigan statutory provision, MCL § 600.3205c(8). In addition, although not alleged as a separate count, Janisse alleged a quiet title claim against defendants, arguing that they lacked standing to foreclose upon him due to the potential

---

[1] Janisse attached the Mortgage to his complaint, making it part of the pleadings for purposes of the instant motion to dismiss. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir.2007) ("[d]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss.") (citing Fed.R.Civ.P. 10(c)); Fed R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.".

2

questions surrounding Bly's signature. *Supra*, p. 2. On August 24, 2012, defendants removed the case to this court on the basis of diversity jurisdiction, and promptly moved to dismiss [1, 3].

Defendants argue that Janisse is not entitled to convert his foreclosure to a judicial foreclosure under MCL § 600.3205c(8) because such conversions are only available where the property is the borrower's primary residence, MCL §600.3204(4), and Janisse did not claim the property as such. [8 at 4][2]. They further argue that any attempt at a quiet title claim must fail for two principal reasons: (1) because such a claim is not ripe here, where no Sheriff's sale has taken place; and (2) because the essence of the quiet title claim centers upon allegations of a fraudulent mortgage assignment, and Janisse has no standing to challenge the validity of the Assignment here since he is not a party to it. Finally, defendants argue that, in any event, Janisse's claims should fail under the "unclean hands" doctrine because he is in default on the underlying Loan and has given no indication that he intends or is able to bring current his delinquent mortgage payments. The court addresses each argument in turn.

A. **Legal Standard**

A motion to dismiss pursuant to Fed. R. of Civ. P. 12(b)(6) tests a complaint's legal sufficiency. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[2] Plaintiff concedes this argument, *id.*, and the court therefore recommends that Count I of plaintiff's complaint, which sought to convert the pending foreclosure proceedings to a judicial foreclosure, be dismissed.

defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 129 S.Ct. at 1949. *See also*, *Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 Fed. Appx. 49, 51 (6th Cir. 2009). Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1949.

### B. Quiet Title

Although not alleged as an actual count, Janisse asserts a quiet title claim to the property, alleging that the mortgage assignment from his original lender, WAMU, to defendant Wells Fargo, *may* be fraudulent because the individual who allegedly signed the assignment is a known

"robo-signer." (Cmplt. ¶¶8-14; p. 5). In support of this allegation, Janisse attaches to his complaint deposition testimony from the purported "robo signer" – Bly – where Bly discusses the fact that he generally does not read what he signs and also allows others to sign his name for him. (Cmplt. Exh. 3-5). Janisse also attaches various iterations of Bly's signature, and news articles discussing the practice of robo-signing, specifically mentioning this individual by name. (Cmplt. Exh. 6-8). However, Janisse's complaint does not make any specific allegations that the signature on the Assignment in question actually was a forgery, was made without actual authority, or was otherwise fraudulent. Rather, he asks the court to infer that it was the product of some such impropriety based on the various exhibits to his complaint (*e.g.*, Bly prior testimony and signature pages), none of which directly relates to the case at hand.

As noted above, defendants argue that Janisse's claim should fail first because it is not ripe; second, because he has no standing to challenge the mortgage assignment; and third because he has unclean hands.

### 1. *Ripeness*

Defendants argue that Janisse's claim for quiet title is not ripe because no Sheriff's sale has taken place. Janisse does not dispute this fact, but argues that he should nevertheless be entitled to challenge the validity of the pending foreclosure proceedings where he alleges that defendants do not have standing to foreclose on him because of an allegedly fraudulent assignment.

Federal courts only have subject matter jurisdiction over controversies between parties that are ripe for review, meaning that they are "sufficiently focused without further factual development." *McCraney v. Bank of America*, No. 12-11082, 2012 U.S. Dist. LEXIS 104999 at *4 (E.D. Mich. July 27, 2012). A claim is not ripe for review "if it rests upon contingent future

events that may not occur as anticipated, or indeed may not occur at all." *Id.* (internal quotations and citations omitted). In considering ripeness, a court may consider matters outside the pleadings without converting a motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(1); *Ernst v. Rising*, 427 F.3d 351, 37 (6th Cir. 2005).

While Janisse does not dispute defendants' statements that no sheriff's sale has yet taken place, he argues that because the foreclosure process has already begun, a sheriff's sale is not a mere possibility but a practical reality. However likely future events appear, until they actually occur they remain speculative and unknown, and thus cannot form the basis for subject matter jurisdiction in this court. *McCraney,* 2012 U.S. Dist. LEXIS 104999 at *5-6. Importantly, courts in this district have consistently concluded that even where a future Sheriff's sale appears certain, the fact that it has not yet occurred means that a property owner's claim to quiet title is not ripe for review. *See e.g. id.*; *Meyer v. CitiMortgage, Inc.*, No. 11-13432, 2012 U.S. Dist. LEXIS 19548 at *8 (E.D. Mich. Feb. 16, 2012). Therefore, Janisse's claim must fail.

### 2.     *Validity of the Assignment*

Even if Janisse's quiet title claim were ripe for review, the court would recommend dismissing his claim, with prejudice, because he has no standing to challenge the validity of the Assignment from WAMU to Wells Fargo, since he is not a party to that Assignment. The Sixth Circuit has consistently held that "a litigant who is not a party to an assignment lacks standing to challenge the assignment." *Livonia Properties Holdings, LLC v. Farmington Road Holdings, LLC*, 399 Fed. Appx. 97, 102 (6th Cir. 2010); *Yuille v. Am Home Mortg. Servs.*, No. 10-2564, 2012 WL 1914056 at *2 (6th Cir. May 29, 2012). This is especially true where "the parties to the assignment [do] not contest its validity." *Id.* at 103 (quoting *Pashak v. Interstate Highway Constr., No. 189886*, 1998 Mich. App. LEXIS 2553 (Mich. App. Mar. 20, 1998). Here, Janisse

does not allege that either WAMU or Wells Fargo failed to act in accordance with the Assignment in question, which took place almost five years before the case was filed. (*See* Cmplt. Exh. 2). Janisse does not allege, for instance, that WAMU continued to seek payments from him on the Note after the Assignment was executed, that he made post-assignment payments to any entity other than Wells Fargo, or that Wells Fargo ever acted in a manner inconsistent with being a proper assignee of the Assignment.

Janisse's reliance on the language in *Talton v. BAC Home Loans Servicing LP*, is unavailing. 839 F. Supp. 2d 896. There, the court stated, in dicta, that the holding in *Livonia Properties* did not "foreclose a challenge . . . based on an argument that because an assignment was invalid (for example, because it was a forgery), the purported mortgage-holder did not actually hold the mortgage and therefore was not entitled to foreclose." *Id.* at 907. Putting aside the question of whether or not this isolated statement cited by Janisse accurately portrays *Livonia Properties'* holding, Janisse's complaint makes no actual, specific allegations of forgery or fraud. At most, he claims that Bly's signature on the Assignment "may" be fraudulent or forged, or that the assignment "is of questionable validity." (Cmplt. ¶¶8-14; p. 5). But this is nothing more than speculation and innuendo, which does not rise to the level of specificity required to sustain his allegations beyond the pleadings stage. *See Bredesen*, 500 F.3d at 527 (A complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief"); *Soto v. Wells FargoBank, N.A.*, No. 11-14064, 2012 U.S. Dist. LEXIS 4195 at *9 (E.D. Mich. Jan. 13, 2012) (where plaintiff offers no facts to support allegation that assignment was forged, allegations were insufficient as a matter of law).

Furthermore, to the extent that his allegations attempt to demonstrate the Assignment's invalidity, the court finds that even allegations of forgery or fraud would be insufficient here,

where the parties to the contract have subsequently ratified its terms. As the district court in *Livonia Properties* found:

> the validity of the assignment[ ] does not [a]ffect *whether* Borrower owes its obligations, but only to *whom* Borrower is obligated. Although a debtor may assert certain defenses that render an assignment absolutely invalid (such as nonassignability of the right assigned), he generally may not assert any ground which may render the assignment voidable because the only interest or right which an obligor of a claim has in the instrument of assignment is to insure him or herself that he or she will not have to pay the same claim twice.

717 F. Supp. 2d 724, 735-36 (E.D. Mich. 2010) (internal quotations omitted). Here, there is no concern of such a scenario, as the parties to the Assignment do not dispute the document's validity and Janisse's counsel admitted that since the Assignment's execution he has made payments solely to Wells Fargo. *See* Cmplt. Exh. 2; Def. Reply at 4); *see also* 717 F. Supp. 2d at 736; *Smith v. Bank of American, N.A.*, No. 11-866, 2012 U.S. Dist. LEXIS 65391 (E.D. Mich. May 10, 2012) (plaintiffs failed to plead that they would be subject to the same debt twice and thus did not plead allegations sufficient to exclude them from general rule under *Livonia Properties*). Therefore, even if Janisse's claim to quiet title were ripe, and the court finds it is not, it should still be dismissed, with prejudice, for failure to state a claim upon which relief could be granted.

### 3.     Unclean Hands

Finally, defendants argue that Janisse's claims are barred by the "unclean hands" doctrine. This doctrine relies on the principle that "[t]hose who seek equity must first do equity." *Blake v. American Trust Co.*, 293 Mich. 618, 623 (Mich. 1940). Here, Janisse conceded at oral argument that he had stopped paying his mortgage payments prior to the instigation of foreclosure proceedings, and there is no indication that he is ready and willing to bring his account current in exchange for the relief he seeks. Therefore, in addition to the reasons cited

above, his claims should be barred. *Id.* (plaintiff cannot seek cancellation of foreclosure where he failed to offer to repay outstanding loan or any part of it); *see also Yuille*, 2012 WL 1914056 at *1 (where borrower had defaulted on loan, unclean hands doctrine applied to bar his quiet title action). .

## III.    CONCLUSION

For the foregoing reasons, the court **RECOMMENDS** that defendants' Motion to Dismiss **[3]** be **GRANTED** and that the plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

Dated: October 24, 2012                                     s/David R. Grand
Ann Arbor, Michigan                                         DAVID R. GRAND
                                                            United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and

should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 24, 2012.

                                           s/Felicia M. Moses
                                           FELICIA M. MOSES
                                           Case Manager